# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CASE NO. 1:06-CV-01223-AWI-LJO-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| MAILROOM STAFF, | (Doc. 1) |
| Defendants. / | |

Plaintiff Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 7, 2006, but has not paid the $350.00 filing fee.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Absent a showing of imminent danger of serious physical injury, plaintiff is ineligible to proceed in forma pauperis in this action because he has had at least three previous actions dismissed for failure to state a claim, frivolousness, or maliciousness. 28 U.S.C. § 1915(g). The Court takes judicial notice of case numbers 1:06-CV-00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for failure to state a claim and frivolousness).

[2] Given plaintiff's pattern of conduct, as set forth in this order, the Court is of the opinion that it is more expeditious to screen and dismiss this action rather than expend its overtaxed resources attempting to obtain the filing fee from plaintiff prior to screening. Such a course of action would likely ultimately result in dismissal for failure to pay the filing fee after the issuance of multiple orders, rather than the actual obtainment of the filing fee from plaintiff.

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3  Plaintiff alleges in his complaint that he mailed confidential legal mail to the legislative bill
4  room and has not received any correspondence in response in violation of his constitutional rights.

5  A claim is legally frivolous when it lacks an arguable basis either in law or in fact, Neitzke
6  v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984),
7  and the Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal
8  theory or where the factual contentions are clearly baseless, Neitzke, 490 U.S. at 327.  The test for
9  maliciousness is a subjective one and requires the Court to "determine the ... good faith of the
10 applicant."  Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome,
11 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith most commonly is found in repetitive
12 suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits.
13 A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by
14 re-litigating claims decided in prior cases.  Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981);
15 Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981);  Ballentine v. Crawford, 563 F.Supp. 627,
16 628-29 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent
17 power to dismiss case demonstrating "clear pattern of abuse of the judicial process").

18 As of September 25, 2006, plaintiff has filed one-hundred twenty-four actions in this district,
19 forty-four of which were filed in September of 2006 alone.  On September 1, 2006, plaintiff filed
20 fourteen civil rights complaints, including this one.  Not one of the complaints was accompanied by
21 the filing fee, and twelve of the fourteen cases are virtually identical, with minor exceptions such as
22 switching back and forth between suing the First and Second Watches.[3]  Further, in some complaints

---

[3] The Court takes judicial notice of case numbers 1:06-CV-01197-AWI-DLB-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01198-AWI-SMS-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01199-OWW-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01200-AWI-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01201-AWI-DLB-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01202-OWW-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01203-OWW-LJO-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01204-OWW-SMS-P Weaver v. California Correctional Institution Building 4-4A-4; 1:06-CV-01205-AWI-SMS-P Weaver v. California Correctional Institution Building 4-4A-4; 1:06-CV-01206-AWI-SMS-P Weaver v. California Correctional Institution Third Watch 4-4A-4; 1:06-CV-01207-OWW-WMW-P Weaver v. California Correctional Institution Second Watch 4-4A-4; 1:06-CV-01208-OWW-LJO-P Weaver v. California Correctional Institution Second Watch 4-4A-4; 1:06-CV-

1  Plaintiff omits his allegations that he is on a mind reading device and/or that he is being spoken to

2  through the vents.  However, all twelve involve Plaintiff's claim that he is being harassed, watched,

3  etc. by Defendants.  Although the Court is mindful that mental illness may play a part in Plaintiff's

4  allegations, Plaintiff is capable of correctly filling out complaint forms and responding to court

5  orders.[4]  Plaintiff is creating a tremendous burden on this Court's scare resources by filing multiple,

6  duplicative actions, and is depriving other litigants of the Court's much needed time and attention

7  in their pending cases.  A review of the Ninth Circuit's dockets reveals that Plaintiff has been

8  actively filing appeals as well, with thirty-three appeals filed, twenty-six of which were filed in 2006.

9  Plaintiff is not constitutionally entitled to a written response from the Legislative Bill Room

10  as he contends.  Accordingly, Plaintiff fails to state a cognizable claim for relief and the action must

11  be dismissed.

12  Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief

13  under section 1983.  Further, the Court finds that the deficiencies outlined above are not capable of

14  being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C.

15  § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court

16  RECOMMENDS that this action be dismissed in its entirety.

17  It is HEREBY ORDERED that these Findings and Recommendations be submitted to the

18  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636

19  (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

20  District of California.  Within ELEVEN (11) days after being served with a copy of this Report and

21  Recommendation, any party may file written objections with the Court and serve a copy on all

22  parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

23  Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days

24  (plus three (3) days if served by mail) after service of the Objections.  The Court will then review

---

26  01209-AWI-WMW-P Weaver v. California Correctional Institution Second Watch 4-4A-4; and 1:06-CV-01210-OWW-LJO-P Weaver v. California Correctional Institution Second Watch 4-4A-4.

28  [4] The Court takes judicial notice of the dockets in case numbers 1:06-CV-00278-OWW-LJO-P Weaver v. Tehachapi Mail Room and 1:06-CV-00468-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU, demonstrating plaintiff's ability to respond to court orders and his ability to keep track of his multitude of cases.

3

1 | the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

2 |     The parties are advised that failure to file objections within the specified time may waive the
3 | right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 | IT IS SO ORDERED.

5 | **Dated:**  **October 17, 2006**       /s/ Lawrence J. O'Neill
    b9ed48                       UNITED STATES MAGISTRATE JUDGE